UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXANDER STRATIGOS,

    Plaintiff,

v.                                                        Case No: 8:16-cv-2780-T-27JSS

PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO PERPETUATE EVIDENCE

THIS MATTER is before the Court on Plaintiff's Motion to Perpetuate Evidence ("Motion"), filed pursuant to Federal Rule of Civil Procedure 27. (Dkt. 1). For the reasons that follow, the Motion is denied as deficient under Rule 27, but without prejudice to Plaintiff to file and serve a corrected petition.

### BACKGROUND

In the Motion, Plaintiff seeks an order directing Defendant to schedule an independent medical evaluation of Plaintiff by a neuropsychologist who will videotape the evaluation. (Dkt. 1.) Plaintiff contends that he is a participant in a long term disability policy administered by Defendant through Plaintiff's former employer. (Dkt. 1 ¶¶ 1–5.) Plaintiff argues that he became disabled and ceased working in August 2011 and that Defendant paid him long term disability benefits through February 2016. (Dkt. 1 ¶¶ 12, 23.) Plaintiff contends that his benefits were terminated because he did not undergo an evaluation by a physician as he was required to do under the policy. (Dkt. 1 ¶¶ 13, 23.) Specifically, Defendant advised Plaintiff that he would be evaluated in November 2015 by an independent medical evaluation company, which was scheduled to take place in December 2015. (Dkt. 1 ¶ 14.) However, Plaintiff desired to have the evaluation

videotaped, which he asserts was his right (Dkt. 1 ¶ 15), but Plaintiff and the physician could not come to an agreement regarding the terms of the destruction of the videotape and, later, could not agree as to whether the evaluation should be videotaped. (Dkt. 1 ¶¶ 15–22.)

In August 2016, Plaintiff appealed the termination of his benefits, in which Plaintiff requests an independent medical evaluation with a neuropsychologist who will allow the evaluation to be videotaped. (Dkt. 1 ¶ 26.) In September 2016, Defendant provided Plaintiff notice of scheduling an independent medical evaluation, but the physician Defendant hired to perform the evaluation did not agree to videotaping the evaluation. (Dkt. 1 ¶ 27.) Plaintiff requested that the evaluation be videotaped, but the physician would not agree. (Dkt. 1 ¶¶ 28–29.)

Plaintiff contends that he expects to bring an action under the Employee Retirement Income Security Act ("ERISA") when he exhausts his administrative remedies. (Dkt. 1 ¶¶ 25, 30.) He seeks the relief sought in the Motion so that his current medical status is perpetuated, contending that his condition "is material to the Defendant's determination of [Plaintiff's] entitlement to disability benefits." (Dkt. 1 at 7.) Plaintiff argues that "there is a danger that evidence regarding his medical condition will be lost" because his medical condition may change during his appeal period. (Dkt. 1 ¶ 32.) Thus, he seeks an order permitting him to perpetuate evidence, namely his videotaped neuropsychological evaluation, under Rule 27. (Dkt. 1 at 6–7.) Plaintiff asserts that he has a right, citing to Florida law, to have his evaluation be videotaped. (Dkt. 1 at 7.)

## ANALYSIS

"The purpose of Rule 27 is to allow an anticipated litigant the opportunity to secure or perpetuate evidence so that it will be available to that litigant when the action is eventually filed." *In re Fierro*, No. 07-MC-37-ORL-22DAB, 2007 WL 1113257, at *2 (M.D. Fla. Apr. 13, 2007); *Cent. Bank of Tampa v. Transamerica Ins. Grp.*, 128 F.R.D. 285, 286 (M.D. Fla. 1989) ("It appears

that the rule is primarily designed to perpetuate testimony in those instances where it appears that the passage of time or the unavailability of witnesses pending the hearing of the appeal and possible new trial would cause injustice."); *Petition of Ford*, 170 F.R.D. 504, 506–07 (M.D. Ala. 1997) (explaining that "[t]he term 'perpetuate' is defined as 'to make perpetual,' 'preserve from extinction,' or 'cause to last indefinitely'" and denying a Rule 27 petition because the petition sought to "discover or uncover testimony, not to perpetuate" testimony that was "in imminent danger of being lost").

The Motion suffers from procedural deficiencies under Rule 27. First, under Rule 27, "[a] person who wants to perpetuate testimony about any matter cognizable in a United States court may file a *verified* petition *in the district court for the district where any expected adverse party resides*." Fed. R. Civ. P. 27(a)(1) (emphasis added). The Motion, however, is not verified. Also, Plaintiff identifies Defendant as a foreign corporation that "does business in the Middle District of Florida" and who has a mailing address in Philadelphia, Pennsylvania. (Dkt. 1 ¶ 2.) Thus, Plaintiff has not shown that this Court is the appropriate court in which to file the Motion because he has not shown that this is the district in which an expected adverse party resides, as required by Rule 27(a)(1).

Second, the petition must "ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony" and "be titled in the petitioner's name." Fed. R. Civ. P. 27(a)(1). The Motion, however, is not a petition titled in Plaintiff's name. Third, the petition must show the following:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
> (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1). The Motion contains the information required under Rule 27(a)(1), subsections (A) through (C) and (E), but the Motion does not contain the name of the persons Plaintiff expects to be adverse parties and their addresses, as required under Rule 27(a)(1)(D). Although Plaintiff identifies Defendant and provides Defendant's mailing address (Dkt. 1 ¶ 2), and states that Plaintiff "expects to be a party to an action in the Federal Court," (Dkt. 1 ¶ 30), Plaintiff does not identify Defendant, or anyone else, as the expected adverse party in the suit Plaintiff expects to bring. Should Plaintiff file an amended, verified petition, Plaintiff should identify any expected adverse parties and their addresses.

Finally, a petitioner must serve, in accordance with Federal Rule of Civil Procedure 4, notice of a hearing on the petition and a copy of the petition on "each expected adverse party" at least twenty-days prior to a hearing on the petition. Fed. R. Civ. P. 27(a)(2). "The notice may be served either inside or outside the district or state in the manner provided in Rule 4." Thus, a petitioner must serve adverse parties and, in the absence of service, "[t]he court must appoint an attorney to represent persons not served in the manner provided in Rule 4 and to cross-examine the deponent if an unserved person is not otherwise represented." Fed. R. Civ. P. 27(a)(2); *Todd Eng'g, Dry Dock & Repair Co. v. United States*, 32 F.2d 734, 735 (5th Cir. 1929) (reviewing an ex parte order granting leave to perpetuate testimony and holding that "[a]n opportunity to an adversary party defendant to be heard before he is condemned is given by the law as a matter of right and not as a mere matter of favor or grace"); *In re Landry-Bell*, 232 F.R.D. 266, 266–67 (W.D. La. 2005) (explaining that "[s]ubsection (a)(2) requires notice to the potential adverse parties and service of the petition upon them" and holding that the notice requirement had not been

met because "there is no indication from the record that notice or service has been made or attempted on" the adverse parties); *Petition of Jacobs*, 110 F.R.D. 422, 424 (N.D. Ind. 1986) ("This court does not read Rule 27(a)(2), however, as authorizing dispensation of the notice requirement, and no case has been submitted to the court in which notice was not required.").

Here, the record indicates that, on September 29, 2016, on the date the Motion was filed, a summons was issued to Defendant's Chief Financial Officer. (Dkt. 2.) However, the record does not indicate that Defendant has been served and Defendant has not responded to the Motion. Thus, the service requirements of Rule 27(a)(2) have not been met. Accordingly, it is

**ORDERED** that the Motion (Dkt. 1) is denied without prejudice to Plaintiff to file and serve a corrected petition.

**DONE** and **ORDERED** in Tampa, Florida on October 21, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record